EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FERNANDO AGUIRRE TORRES, acusado y apelante.

*Número:* CR-64-384      *Resuelto:* 11 de marzo de 1965

*William Morales Torres,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El apelante fue convicto y sentenciado por infringir la Ley de la Bolita. En este recurso sostiene en sus dos primeros señalamientos que el tribunal sentenciador cometió error al denegar su moción sobre supresión de evidencia y al admitir evidencia ilegalmente ocupada.

Basa su contención en que los agentes del orden público "so pretexto de una supuesta infracción de la Ley de Automóviles (*misdemeanor*) consistente en que no paró en determinado sitio", se le registró el vehículo y en la parte posterior del mismo, donde está colocada la tablilla, encontraron la evidencia incriminatoria, unas listas que se usan en el juego ilegal de la bolita envueltas en un pedazo de pañuelo. Invoca la doctrina de *Pueblo* v. *Sosa Díaz*, 90 D.P.R. 622 (1964) para sostener que el registro del automóvil fue irrazonable y por ende, inadmisible la evidencia ocupada.

■ La indicada doctrina no es aplicable a los hechos de este caso. El apelante, al no detenerse donde había una señal de "Pare" iba a provocar un accidente con otro vehículo y cuando iba a ser detenido por la policía trató de huir. Concurrieron por lo tanto, circunstancias que justificaban el registro efectuado.

■ Tampoco cometió error el Tribunal sentenciador al denegar la moción de nuevo juicio. Estaba predicada en el descubrimiento de nueva prueba. Las dos declaraciones juradas que se acompañaron a la moción indican (la de Jorge Luis Torres) que un tal "Juaniquillo" fue quien había colocado "algo" en el automóvil del acusado-apelante un sábado del mes de agosto de 1963, y (la de Rosalina Rosa González) que una semana antes de haberse arrestado al apelante, el agente de la policía Carlos Torres le dijo que aquél "noso-

tros lo vamos a coger"; que dos semanas después del arresto dicho agente le dijo que quien "había puesto las listas era 'Juaniquillo' ".

En primer lugar el récord demuestra que el apelante pudo con razonable diligencia descubrir y presentar en el juicio la prueba que estimó, a los fines de la moción de nuevo juicio, descubierta con posterioridad al juicio. Véamos el récord. En el contrainterrogatorio al testigo de cargo, teniente Roberto A. Dox Castro, inquirimos sobre la participación de "Juaniquillo", en la siguiente forma:

"Lcdo. Morales:

¿A Ud. le habían dicho algo? ¿Juaniquillo le pasó esta información, que Ud. recibió, de que esto estaba allí?

No, señor, ni Juaniquillo, ni ningún otro. ¿No le pasó cierta información a Ud?

No, señor.

¿Juaniquillo era confidente del Escuadrón Contra el Vicio?

No, señor.

¿Por cincuenta dólares semanales, por informar?

No, señor.

¿Ud. no sabe si Juaniquillo le puso eso allí y lo reportó en seguida?

No, señor.

¿Ese carro, Ud. no sabía lo que contenía, fue directamente afuera, pero en el carro no?

No, señor." (T.E. pág. 11.)

Además se le preguntó al testigo Benjamín Torres de Jesús si cuando estaban registrando el automóvil pasó por allí otro vehículo conducido por un tal Juaniquillo, contestando el testigo en la afirmativa.

La Regla 188 (a) de las de Procedimiento Criminal establece como fundamento para la concesión de un nuevo juicio "Que se ha descubierto nueva prueba, la cual, de haber sido presentada en juicio, probablemente habría cambiado el veredicto o fallo del tribunal, y la que no pudo el acusado con razonable diligencia descubrir y presentar en el juicio. . . ."

Las circunstancias concurrentes en este caso no le colocan dentro de las disposiciones de la Regla 188 (a).

*En su consecuencia se confirmará la sentencia apelada.*